IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:05-CR-00009-RLV-DCK-29

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER**<br>) |
| ALVIS MOSLEY, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Defendant Alvis Mosley's *pro se* Motion for Early Termination of Supervised Release (the "Motion"). (Doc. 1712). For the reasons stated below, the Motion is **DENIED WITHOUT PREJUDICE**.

In 2006, Defendant Alvis Mosely pled guilty to one count of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846. (Doc. 670 at 1). This Court sentenced Mosley to 120 months' imprisonment, followed by five years' supervised release. *Id.* at 1-2. According to Federal Bureau of Prison records, Mosely completed his term of imprisonment in January 2014. *See* Federal Inmate Locator, available at https://www.bop.gov/inmateloc/ (Find by Name: "Alvis Mosley") (last visited 8/7/2017).

After completing more than three years of supervised release, Mosley filed the pending Motion. (Doc. 1712). In his Motion, Mosley represents that he has complied with the terms of supervision, that he has completed several job training programs and courses while on supervision, and that his probation officer recommended that he file a motion for early termination of supervised release. *Id.* Mosley, however, did not file any supporting documents with his Motion. *See id*. Therefore, this Court issued an Order to Show Cause, directing Mosley to submit (1) a

1

supplemental brief further discussing his conduct while on supervised release and why continued supervision is contrary to the interests of justice; (2) supporting documentation from his probation officer as to his compliance with the terms of supervised release and the probation officer's position regarding the early termination of supervised release; and (3) records of the job training programs and courses he completed. (Doc. 1713).

Mosley timely complied with this Court's Order to Show Cause, submitting a Response discussing his current employment, issues with obtaining other employment purportedly due to his supervised release status, statements from his probation officer, and copies of twenty certificates he received for completing various job training and life skills courses. (Doc. 1714). Mosley also submitted a letter from his employer, demonstrating that he has maintained the same employment since April 2015 and that he is presently working as a full-time employee at forty hours per work week. *Id.* at 10. In fact, Mosley has received several awards from his present employer. *Id.* at 11-12. Additionally, Mosley submitted a November 2016 email chain between him and his Probation Officer, in which the Probation Officer advised Mosley that Mosley was "more then [sic] likely [sic] going to fit [the] criteria" for the Probation Office to support his candidacy for early termination of supervised release and that the Probation Office hoped to get to his case by January 15, 2017. *Id.* at 9.

The Government filed a response to the Order to Show Cause, opposing Mosley's Motion for Termination of Supervised Release. (Doc. 1715). While the Government concedes that Mosley's conduct while on supervised release "weighs significantly in favor of early termination," the Government opposes termination because (1) the 18 U.S.C. § 3553(a) factors do not warrant early termination in light of the seriousness of Mosley's drug offense and Mosley's use of a firearm during the offense; and (2) the interests of justice do not favor granting the Motion where Mosley

misrepresented the Probation Officer's position on early termination. *Id.* The Government also submitted a May 2017 e-mail from Mosley's Probation Officer advising Mosley that the Probation Officer could not support Mosley's Motion because the Probation Office has a policy of not approving or recommending early termination in cases where the underlying offense involved a firearm. (Doc. 1715-1).

A defendant who has completed at least one year of supervised release is eligible to petition a District Court to terminate his period of supervised release. 18 U.S.C. § 3583(e)(1). When deciding whether to prematurely end a defendant's period of supervised release, a Court must consider the factors laid out in statutorily-specified subsections of 18 U.S.C. § 3553(a). *See* § 3583(e)(1). A Court must also decide whether early termination of supervised release is "warranted both by the individual's conduct and also by the interest of justice." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

This Court first considers the Government's argument that Mosley misrepresented the Probation Officer's position as to early termination and engaged in "deceptive" conduct such that the interests of justice do not favor granting early termination. This Court declines to adopt the Government's argument and attributes any omission from Mosely response to the show cause order to understandable confusion on Mosely's part. Specifically, this Court is unable to reconcile Mosely's Probation Officer's present position that Mosely is not eligible for a recommendation of early termination based on Mosely's possession of a firearm during the underlying offense of conviction with the Probation Officer's earlier position that Mosely was likely to fit the criteria for the Probation Office to move for early termination. Obviously, Mosely's possession of a firearm during his 1999 to 2005 conspiracy offense was not an intervening event and would have been well known to the Probation Officer when the Probation Officer initially advised Mosely that he

likely fit the criteria for early termination. Accordingly, where this Court is unable to understand why, if the Probation Office has a policy against recommending early termination where a firearm was involved in a drug offense, the Probation Office advised Mosely that he likely to fit the criteria for early termination, this Court finds that Mosely did not intentionally deceive this Court and further finds the Government's argument to that affect somewhat regrettable given Mosely's very commendable conduct while on supervised release.

Turning to the 18 U.S.C. § 3553(a) factors, however, this Court concludes that termination of supervised release is not appropriate at this juncture. Most prominently, the nature and circumstances of Mosely's underlying offense and the seriousness of Mosely's underlying offense, including the involvement of a firearm, warrant continued supervision. *See* 18 U.S.C. § 3553(a)(1), (2)(A). Additionally, while Mosely's conduct while on supervised release greatly diminishes any threat he may pose to the public, the extended duration of his underlying criminal offense and the involvement of a firearm in the underlying criminal offense both suggest that further supervision would serve to protect the public where Mosely has yet to complete 80% of his original term of supervision. *See* 18 U.S.C. § 3553(a)(2)(C). Accordingly, this Court concludes that the 18 U.S.C. § 3553(a) factors do not warrant termination of supervised release at this juncture; however, in light of Mosely's strong rehabilitative efforts to date, Mosely's Motion for Early Termination of Supervised Release (Doc. 1712) is **DENIED WITHOUT PREJUDICE** and with leave to file a new motion for early termination of supervised release upon successful completion of 80% of his original, five-year term of supervised release.

**SO ORDERED.**  Signed: August 14, 2017

Richard L. Voorhees
United States District Judge